**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 9:06-CR-007-MAC-ZJH** |
| **vs.** | § | |
| | § | |
| | § | |
| **KEVIN TRACY WISEMAN (1)** | § | |

<u>**REPORT AND RECOMMENDATION**</u>
<u>**ON REVOCATION OF SUPERVISED RELEASE**</u>

On January 24, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Sexual Exploitation of a Minor, a Class B felony, Defendant Kevin Tracy Wiseman was sentenced on February 27, 2007 by United States District Judge Thad Heartfield. The offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of I, was 180 to 210 months. Defendant was sentenced to imprisonment for 180 months to be followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure for employment, sex offender registration, sex offender treatment and testing, restrictions from contact with minors, restrictions from sexually explicit material, sex offender search, computer monitoring requirements and restrictions, and disclosure of all online accounts.

The Court modified Defendant's conditions on October 25, 2019 to include placement in a residential reentry center. Defendant completed his term of imprisonment and started his term of supervised release on November 4, 2019. The Court modified Defendant's conditions on November 15, 2019 for sex offender treatment requirements. The Court modified Defendant's conditions again on May 12, 2020 to include restrictions from internet-capable devices, portable electronic devices, and photo and camera equipment. The case was reassigned to United States District Judge Marcia A. Crone on February 15, 2023. The Court modified Defendant's conditions on February 15, 2023 to include mental health treatment and medication.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 20, 2023, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** It is alleged that Defendant admitted on December 11, 2023 that he failed to be truthful with the probation officer during multiple inquiries regarding alleged violations since or before July 2023.

2. **Allegation 2 (special condition 2): The defendant shall comply with any federal, state, or registration law for offenders convicted of sexual crimes. The defendant shall be responsible for any costs associated with those registration laws.** It is alleged that Defendant failed to report multiple online social media accounts to law enforcement registering authorities as required by both federal and state registration law since or before July 2023.

3. **Allegation 3 (special condition 4): The defendant shall not have unsupervised contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.** It is alleged that a witness reported in December 2023 that Defendant had unauthorized contact with minor children under the age of 18 through the course of his employment. Beginning on or before September 23, 2023, and since that time, Defendant has allegedly booked and scheduled concerts and/or events that allowed the gathering of minors to his local entertainment venue "Studio 60" in Tyler, Texas, and has engaged directly with minor-aged concert patrons and performers, both during events with patrons and prior to these events during negotiations and planning procedures.

2

4. **Allegation 4 (special condition):  The defendant must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a specified computer authorized by the probation officer, which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.  The defendant must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.**  It is alleged that Defendant admitted on December 11, 2023 to possessing and using an unauthorized smartphone since July 2023 to access the internet.  It is also alleged that Defendant admitted to utilizing the phone's camera, taking photos and storing them on the device.

5. **Allegation 5 (special condition 10):  The defendant shall disclose all online account information, including user names and passwords, to the U.S. Probation Office.    The defendant shall also, if requested, provide a list of all software/hardware on his computer, as well as telephone, cable, or internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage.  The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.**  It is alleged that Defendant admitted on December 11, 2023 to using an unauthorized smartphone to access the internet since July 2023, using the phone to maintain two online social media accounts (i.e. "Studio 60" on both Facebook and Instagram) and an unauthorized email account (kevintwiseman@gmail.com).  It is also alleged that two additional online Facebook accounts belonging to Defendant were later discovered that he had failed to disclose (i.e. "Wise Kommunications;" and "Daemon Vulpes") as well as two additional Instagram accounts ("Wise Kommunications;" and "ear.peace60").

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony.  Accordingly, the

3

maximum imprisonment sentence that may be imposed is 3 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was I.  The guidelines provide that Defendant's guideline range for a Grade C violation is imprisonment for 3 to 9 months.

### Hearing

On January 24, 2024, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for 6 months followed by a 2-year term of supervised release, with two additional special conditions to include contact restrictions and residence in a residential reentry center for 180 days.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition.   Defendant requested a recommendation to be designated to FCI Seagoville.

### Findings and Conclusions

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true.  Defendant is guilty of a Grade C supervised

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for 6 months followed by a 2-year term of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for 6 months followed by a 2-year term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for 6 months followed by a 2-year term of supervised release.

So ORDERED and SIGNED this 24th day of January, 2024.


_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE